## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:20-cv-22677-CMA

**NAKIA JENKINS**, individually and on behalf
of all others similarly situated,

        Plaintiff,

v.

**SIMPLY HEALTHCARE PLANS, INC.,**

        Defendant.

_____/

                         **CLASS ACTION**

                         **JURY TRIAL DEMANDED**

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

     Plaintiff Nakia Jenkins hereby files her Reply in support of her Motion to Remand, and states:

### I.    INTRODUCTION

     On July 10, 2020, the Court directed Defendant to respond to Plaintiff's Motion for Remand and address whether the Court has subject matter jurisdiction following *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019). *See* ECF No. 14. The Court also directed Plaintiff to file a reply to Defendant's response addressing the same issue. *Id.* Defendant's response, rather than explain why there is Article III standing under *Salcedo*, devotes most of its space to allegations of Plaintiff's "gamesmanship".[1]  Mot. at pg. 2.  At the end of its Response, Defendant briefly

---

[1] Defendant's arguments of gamesmanship bear little mention.  However, Plaintiff notes that Defendant fails to inform the Court—or attach as part of its email exhibit—that Plaintiff's counsel Manuel Hiraldo, on July 15, 2020 at 6:25 am EST, emailed Defendant's counsel on the same thread and offered to have a call to discuss Defendant's proposal, stating, "I am available for a call after 1pm eastern to discuss.  It is unclear to me what you are seeking to accomplish through this demand and why you want our client to remove references to the damages and injunctive relief she is seeking in the case, which do not impact the Article III analysis."

discusses *Salcedo*, and, rather than show why there is Article III standing, requests the Court to retain jurisdiction long enough for it to do "jurisdictional discovery".  Mot. at pg. 9.

However, Article III does not have an exception for this type of discovery.  As explained in greater detail below, when applying *Salcedo* to the facts of this case, it is clear that the Court does not have subject matter jurisdiction. Recently, Judge Roy Altman's addressed an almost identical issue in *Mittenthal v. Fla. Panthers Hockey Club, Ltd*., No. 20-60734-CIV-ALTMAN/Hunt, 2020 U.S. Dist. LEXIS 123127, at *3 (S.D. Fla. July 10, 2020) (Altman, J.). Judge Altman confirmed that remand is appropriate in light of *Salcedo*.  *See Mittenhal,* at *18 ("The Defendants removed this case to federal court under 28 U.S.C. § 1446. In doing so, they invoked this Court's federal-question jurisdiction under 28 U.S.C. § 1331. Although the Defendants did not have to plead the Plaintiffs' standing in their Notice of Removal, they must establish that standing now by a preponderance of the evidence. Because they have failed to do so, 'it appears that the district court lacks subject matter jurisdiction,' and 'the case shall be remanded.''). *Mittenhal* also rejected many of the arguments advanced in Defendant's Response in Opposition, including a request for "jurisdictional discovery".   "The Defendants' alternative requests for discovery or dismissal are unavailing. *Mittenthal*, 2020 U.S. Dist. LEXIS 123127, at *24 ("To begin with, jurisdictional discovery should be conducted before removal—**not after**.") (emphasis in the original).

Respectfully, this Court should hold similarly and order this matter remanded to state court.

**II.   ARGUMENT**

In its Response, Defendant claims that it "remains an open question" "whether [Plaintiff] has standing under *Salcedo v. Hanna*." *See* Response at 2.  Defendant further argues that remand is inappropriate because (i) the notice of removal "provided the information necessary to sustain

federal question jurisdiction," *see* Response at 6; (ii) even if Defendant was required to demonstrate Plaintiff's Article III standing, federal law permits it to amend the notice of removal, *see* Response at 8; and (3) jurisdictional discovery should be permitted so that Defendant can determine whether the Court has subject matter jurisdiction, *see* Response at 9.  As demonstrated below, all of these arguments fail.

**A.   Although Defendant Was Not Required to Establish Plaintiff's Standing in its Removal Papers, It is Defendant's Burden to Prove it Now**

Defendant argues that remand must be denied because its notice of removal included sufficient information to sustain federal question jurisdiction," and it rejects the notion that it has "fail[ed] to allege Article III standing." *See* Response at 6.

While it is true that the "removal statute never requires a removing defendant to establish— or even allege—the plaintiff's standing" in the removal notice, "if a plaintiff is found to lack standing ***at any point*** in the case, the action must be remanded." *Mittenhal,* 2020 U.S. Dist. LEXIS 123127 at *15 (emphasis in original); *see also Gonzalez v. TCR Sports Broad. Holding, LLP*, 2018 WL 4292018, at *2 (S.D. Fla. Sept. 10, 2018) ("The Court notes that it may turn out that Plaintiff does not have standing to bring its TCPA claims in this Court. At that time, remand may be an appropriate remedy."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1008 (9th Cir. 2001) ("The standing defect renders Lee's claim against ANTEX non-justiciable in federal court . . . .").

Thus, while a defendant is "not required to establish the [plaintiff's] standing in their Notice of Removal," because the Plaintiff here is challenging the issue of standing through a motion to remand, "**it is indisputably [Defendant's] burden to prove it now**." *Mittenhal,* 2020 U.S. Dist. LEXIS 123127 at *17 (emphasis added) (citing *Lujan*, 504 U.S. at 561 ("The party invoking federal jurisdiction bears the burden of establishing these elements [of standing.]").

### B. **Plaintiff Lacks Article III Standing**

Turning to the broader question of whether Plaintiff has standing to pursue her claims in light of *Salcedo*, the *Mittenhal* decision—which, again, specifically addressed a motion to remand in a case governed by *Salcedo*—is instructive and provides a thorough and well-reasoned basis on which this Court should similarly hold that Plaintiff, based on the allegations in her Complaint, does not have standing.

*Salcedo* "stands for the proposition that, unless a complaint alleges some tangible or intangible harm," which is not the case here, "a TCPA plaintiff's receipt of unwanted text messages is, standing alone, insufficient to confer Article III standing." *Mittenhal,* 2020 U.S. Dist. LEXIS 123127 at *18. In holding that *Salcedo* was dispositive and required remand to state court, the *Mittenhal* court noted that the complaint "never references any tangible harm the Plaintiffs may have suffered. Nowhere, for example, does the Complaint allege that the Plaintiffs' phone carriers charged them for the text messages, or that they had to pay extra to store those messages." *Mittenhal,* 2020 U.S. Dist. LEXIS 123127 at *21. These allegations were critical to the standing analysis because "[i]n Salcedo, the Eleventh Circuit observed that the complaint's silence on this question of 'wasted time' doomed the plaintiff's standing arguments." *Mittenhal,* 2020 U.S. Dist. LEXIS 123127 at *22 (citing *Salcedo*, 936 F.3d at 1168).

The *Mittenhal* decision further explained that the plaintiffs also did not allege any intangible harms in their complaint. "The Complaint never says, for example, that reviewing the text messages took an inordinate amount of time. Nor do the Complaint's averments, taken together, suggest that each message took the Plaintiffs at least five seconds to read … In fact, the Complaint does not even allege that the Plaintiffs ever *read the messages at all*." *Mittenhal,* 2020 U.S. Dist. LEXIS 123127 at *22 (emphasis in original).  Furthermore, the complaint did "not

4

explain *how* receiving the[] messages harmed the Plaintiffs. The Plaintiffs sa[id] only that they '*have* been impacted and harmed,' and that they *have* suffered a 'legal injury.'" *Mittenhal,* 2020 U.S. Dist. LEXIS 123127 at *3 (emphasis in original).

The *Mittenhal* court also noted that although the "[p]laintiffs do say that they 'have standing to maintain this action because they have suffered a legal injury as a result of [d]efendants' violations of the TCPA … *Spokeo* teaches [that] the invasion of a legally protected interest is not enough to establish injury in fact; the injury must also be concrete and particularized *Mittenhal,* 2020 U.S. Dist. LEXIS 123127 at *21 (internal quotation marks omitted) (quoting *Spokeo,* 136 S. Ct. at 1548; citing *Salcedo,* 936 F.3d at 1167 ("[A]n act of Congress that creates a statutory right and a private right of action to sue does not automatically create standing")). Furthermore, "allegations that the 'Plaintiffs have standing,' that they 'suffered a legal injury,' and that they 'were harmed by the acts of Defendants' are a far cry from the 'concrete and particularized' averments the Supreme Court required in *Spokeo*." *Mittenhal,* 2020 U.S. Dist. LEXIS 123127 at *21. Based on these allegations, the court concluded that the "Plaintiffs are right that *Salcedo* controls the decision" and requires remand to state court. *Id.* at *12.

Turning to the instant case, Plaintiff's Complaint is materially identical to the complaint in *Mittenhal*. Here, Plaintiff alleges, in pertinent part, that Defendant's unsolicited text messages caused her "injuries, including invasion of [] privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion," Complaint at ¶ 3, that "Plaintiff has standing to maintain this action because she suffered a legal injury as a result of Defendant's violations of the TCPA," Complaint at ¶ 10, and that "Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation," Complaint at ¶ 51.

Just like the complaint in *Mittenhal*, the Plaintiff's Complaint does not allege how receiving the text messages harmed Plaintiff; does not allege that Plaintiff's phone carriers charged her for the messages or that she had to pay extra to store those messages; does not allege that reviewing the text messages took an inordinate amount of time or that each message took the at least five seconds to read; and does not allege that Plaintiff ever read the messages at all. Although the Complaint does allege harm stemming invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion, *Salcedo* held that those tort-like harms are insufficient to confer Article III standing. *See Salcedo,* 936 F.3d at 1171-72 (finding plaintiff's allegations of intangible harm arising from invasion of privacy, nuisance, intrusion upon seclusion, trespass, and conversion "do not state a concrete harm that meets the injury-in-fact requirement of Article III.").

Thus, because Plaintiff's Complaint alleges neither a tangible nor intangible injury-in-fact sufficient for the demands of Article III, and because Defendant has failed to introduce any admissible evidence to substantiate its standing contentions, *Salcedo* commands that Plaintiff lacks Article III standing to purse her TCPA claims in federal court. *See Mittenhal* at *22-23 (granting motion to remand "[b]ecause the Plaintiffs have alleged neither a tangible nor an intangible injury in fact—and given that the Defendants have failed to adduce a single admissible piece of evidence to substantiate their standing contentions—the Court finds that the Plaintiffs lack standing to pursue their TCPA claims in federal court.").

### C.  Remand—Not Jurisdictional Discovery—is the Appropriate Remedy

Rather than argue that Plaintiff's complaint survives *Salcedo's* Article III analysis, Defendant asks the Court to retain jurisdiction long enough for it to conduct discovery to show Plaintiff does have standing.  However, Article III does not contain a carve out for "jurisdictional discovery" and the appropriate course is to remand this matter.

Mirroring the arguments advanced by Defendant in this case, the defendants in *Mittenhal* similarly requested that the court deny remand and allow jurisdictional discovery. *See id.* at *23-26. Rejecting these arguments, the court held that remand was the only appropriate remedy, explaining:

> But, when—as here—a plaintiff lacks standing, "a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." *Warth*, 422 U.S. at 498; *see also Ruhrgas AG*, 526 U.S. at 583; *Steel Co.*, 523 U.S. at 94–95. And, when the Court lacks jurisdiction over a removed case, the case must be remanded. *See McGee v. Solicitor Gen. of Richmond Cty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013) ("Typically, where standing is lacking, a court must dismiss the plaintiff's claim without prejudice. This is not so, however, in the removal context.").

*Id.* at *23-24.

As to Defendant's request for jurisdictional discovery, Judge Altman explained that "[t]o begin with, jurisdictional discovery should be conducted *before* removal—not *after*." *Mittenhal* at *24; *see also Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1283 (S.D. Fla. 2019) (remanding case in part because "the Defendant has provided *no* evidence to substantiate its [jurisdictional] allegation," and because it had "conducted no discovery on that question"); *Gomez v. First Liberty Ins. Corp.*, 2019 WL 6123612, at *3 (S.D. Fla. Nov. 19, 2019) (same). Indeed, as the Eleventh Circuit has made clear:

> [T]he defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally. Thus, a defendant that files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand, is in the same position as a plaintiff in an original action facing a motion to dismiss. The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction. Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction.

*Mittenhal at *24-25* (citing *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216-17 (11th Cir. 2007)).

Judge Altman further noted that district courts should "not clog the federal judicial machinery and frustrate[] the limited nature of federal jurisdiction to allow [] Defendants to (attempt to) establish a standing claim which the Plaintiffs themselves have now disavowed." *Mittenhal* at *25. Pursuant to the above-referenced authorities, the Court should deny Defendant's request for jurisdictional discovery and remand this case.

### III.    CONCLUSION

Defendant removed this case to federal court under 28 U.S.C. § 1446. In doing so, it invoked this Court's federal-question jurisdiction under 28 U.S.C. § 1331. Although the Defendant did not have to plead Plaintiff's standing in the Notice of Removal, it must establish that standing now by a preponderance of the evidence. Because Defendant has failed to do so, this Court lacks subject matter jurisdiction, and the case must therefore be remanded to the state court from which it came.

**WHEREFORE**, Plaintiff Nakia Jenkins respectfully requests an order remanding this case to state court, and for such other relief deemed appropriate under the circumstances.

Dated: July 22, 2020

Respectfully submitted,

**_Aaron M. Ahlzadeh_**
Aaron M. Ahlzadeh, Esq.
Florida Bar No. 111329
aaron@edelsberglaw.com
Scott Edelsberg, Esq.
Florida Bar No. 100537
scott@edelsberglaw.com
**EDELSBERG LAW, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Telephone (office): 786-289-9471
Telephone (direct): 305-975-3320
Fax: 786-623-0915

8

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
*mhiraldo@hiraldolaw.com*
(t) 954.400.4713

**IJH LAW**
Ignacio J. Hiraldo, Esq.
Florida Bar No. 0056031
1200 Brickell Ave Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786-496-4469

**EISENBAND LAW, P.A.**
Michael Eisenband, Esq.
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954-533-4092

**SHAMIS & GENTILE, P.A.**
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Class*