UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22677-CIV-ALTONAGA/Goodman

**NAKIA JENKINS**,

      Plaintiff,

v.

**SIMPLY HEALTHCARE PLANS, INC.**,

      Defendant.
_____ /

## **ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Nakia Jenkins's Motion to Remand [ECF No. 7], filed on July 1, 2020. In an apparent early response to the Motion, Defendant, Simply Healthcare Plans, Inc., filed an Amended Notice of Removal [ECF No. 12]. On July 10, 2020, the Court entered an Order [ECF No. 14] directing Simply Healthcare to respond to the Motion and instructing the parties to brief whether the Court had subject matter jurisdiction over this action given *Salcedo v. Hanna*, 936 F.3d 1162 (11th Cir. 2019). (*See* July 10, 2020 Order). The Court has considered Simply Healthcare's Amended Notice of Removal; the Complaint [ECF No. 1-2]; the Motion; Simply Healthcare's Response [ECF No. 20]; Jenkins's Reply [ECF No. 29]; the record; and applicable law.

### I.    BACKGROUND

This case arises from a single allegedly unsolicited text message sent by Simply Healthcare to Jenkins's mobile phone. (*See* Compl. ¶¶ 18–19). Jenkins filed a putative class action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, bringing a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. section 227(b). (*See*

*generally id.*). Simply Healthcare removed the action within thirty days of being served with the Complaint. (*See generally* Notice of Removal [ECF No. 1]).

Jenkins now seeks remand, raising the issue of subject matter jurisdiction due to her lack of standing. (*See* Mot. 1; Reply 1–6). Simply Healthcare opposes remand, arguing that it was not required to assert standing in its notice of removal. (*See* Resp. 4–7). Alternatively, if Simply Healthcare does bear this burden, it requests permission to either amend its notice of removal or conduct jurisdictional discovery on the issue of Jenkins's standing. (*See id.* 8–10).

## II. LEGAL STANDARDS

Two issues are at play here: Defendant's burden as the removing party and Plaintiff's standing.

Under 28 U.S.C. section 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently. The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (citations omitted). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal subject matter jurisdiction is circumscribed by Article III of the Constitution to "Cases" and "Controversies." U.S. Const. art. III § 2. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement

of Article III." *Lujan v. Def.'s of Wildlife*, 504 U.S. 555, 560 (1992) (alteration added; citation omitted). Standing is thus a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005).

Standing is established by showing an injury in fact, traceable to the defendant's conduct, that is likely redressable by a favorable judicial decision. *See Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citations omitted). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

Courts look to the substance of a complaint's allegations to determine the existence of standing arising from a concrete injury. *See Salcedo*, 936 F.3d at 1167. This "concrete injury" requirement is only met by a showing of a "real, and not abstract" harm "even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1548–49 (alteration added; quotation marks and citation omitted).

### III. DISCUSSION

The parties agree that Simply Healthcare was not required to assert standing in its Notice of Removal. (*See* Resp. 1; Reply 3). However, as the removing party, Simply Healthcare has the burden of establishing federal jurisdiction — including Jenkins's standing. *See McNutt*, 298 U.S. at 189. At issue is whether Jenkins has the requisite concrete injury for standing under Article III of the Constitution, in the context of the TCPA text message statutory violation alleged in the Complaint. *See Spokeo*, 136 S. Ct. at 1548–49.

3

In *Salcedo*, the Eleventh Circuit Court of Appeals addressed standing in TCPA text messaging cases. *See generally* 936 F.3d 1162. The *Salcedo* plaintiff alleged injuries arising from a single text message: wasted time, unavailability of the device, and invasion of privacy. *See id.* at 1167–68. The court, applying the Supreme Court's *Spokeo* analytical framework, held the plaintiff's injuries caused by a single unsolicited text message were qualitatively insufficient to establish standing. *See id.* at 1168. The court clarified that while "allegations of wasted time can state a concrete harm for standing purposes[,] . . . concrete harm from wasted time requires, at the very least, more than a few seconds." *Id.* at 1173 (alteration added).

In this action, Jenkins's Complaint is a model of brevity, devoid of *any* allegations showing concrete harm. Jenkins alleges receiving a single unsolicited text message. (*See* Compl. ¶¶ 18–19). That is it. There are *no* other allegations of tangible or intangible harm. There is far less here than alleged by the *Salcedo* plaintiff. There is thus no reason to stray from *Salcedo*'s holding — Jenkins' Complaint does not establish a concrete injury under this Circuit's precedent. *See Salcedo*, 936 F.3d at 1173.

Simply Healthcare insists that Jenkins is engaging in "gamesmanship", "walking back" her allegations of harm "as she engages in a cat-and-mouse game designed to minimize her damages in federal court with the sole purpose of seeking remand to state court." (Resp. 1–2, 9). Apparently, to Simply Healthcare, there are only two possibilities: (1) Jenkins was injured and has standing; or (2) Jenkins was not injured and has no standing.

The Court rejects this false dichotomy. There is a third possibility: Jenkins has a legal injury qualitatively insufficient for Article III standing. Not every "invasion of a legally protected interest" rises to the level of a concrete and particularized injury-in-fact. *Lujan*, 504 U.S. at 560; *see also Salcedo*, 936 F.3d at 1167 ("[A]n act of Congress that creates a statutory right and a private

right of action to sue does not automatically create standing[.]" (alterations added; citation and footnote call number omitted)).

With no concrete injury, and thus no standing, Simply Healthcare has not met its burden to show that the Court has subject matter jurisdiction over this action. Remand is the proper course. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

To avoid remand, Simply Healthcare insists the Court should allow jurisdictional discovery on the issue of standing. (*See* Resp. 8–10). The Court disagrees. Jurisdictional discovery on the issue of standing should have and could have been done prior to removal. *See, e.g.*, *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, No. 20-60734-Civ, 2020 WL 3977142, at *16–17 (S.D. Fla. July 14, 2020) (denying jurisdictional discovery in a nearly identical action). The Court "will not 'clog the federal judicial machinery' and 'frustrate the limited nature of federal jurisdiction' to allow [Simply Healthcare] to (attempt to) establish a standing claim which [] Plaintiff[] [herself] ha[s] now disavowed." *Id.* at 17 (alterations added; other alteration adopted; quoting *Lowery v. Ala. Power Co.*, 483 F. 3d 1184, 1217 (11th Cir. 2007)). Simply Healthcare's request for post-removal discovery is therefore denied.[1]

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff, Nakia Jenkins's Motion to Remand **[ECF No. 7]** is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

---

[1] If, following remand, Simply Healthcare acquires information Jenkins suffered a concrete injury from receipt of the single text message, it may then remove.

3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 17th day of August, 2020.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record